COHEN, J.
Keddo Enterprises, LLC (“Keddo”) appeals an order by the Florida Building Commission (the “Commission”) granting in part and denying in part its petition for a declaratory statement. On appeal, Ked-do argues that the declaratory statement was clearly erroneous. Keddo challenges the Commission’s determination that its protection panel product is subject to local approval processes under section 553.8425, Florida Statutes.
Keddo manufactures and markets a product called “Storm Stoppers, The Plywood Alternative” (“Storm Stoppers”). According to Keddo, Storm Stoppers protects windows and doors from wind and rain and is a lightweight alternative to plywood. Keddo’s advertising materials make clear that it seeks to market its product in Florida for protection against hurricanes and windstorms.
Keddo filed with the Commission a petition for a declaratory statement determining whether Storm Stoppers could be sold in Florida without state or local government approval.[1] The Commission determined that Storm Stoppers was exempt from statewide approval but was not exempt from local approval under section 553.8425.
The regulation of design, construction, and repair of buildings and other structures is governed by Chapter 553, Florida Statutes. See § 553.72(1), Fla. Stat. (2014). To that end, the Legislature tasked the Commission with adopting the Florida Building Code, which contains rules governing the design, construction, erection, alteration, modification, repair, and demolition of public and private buildings, structures, and facilities. See § 553.73(1), Fla. Stat. (2014). Furthermore, the Commission must maintain, modify, and interpret the Florida Building Code in accordance with certain provisions of the Administrative Procedure Act. See §§ 553.72(3), 553.77(l)(a), Fla. Stat. (2014).
The Commission is also responsible for the development and implementation of a statewide product evaluation and approval system that operates in coordination with the Florida Building Code. See § 553.842(1), Fla. Stat. (2014). (“The commission shall adopt rules under [§§ ] 120.536(1) and 120.54 [Florida Statutes] to develop and implement a product evaluation and approval system that applies *348 statewide to operate in coordination with the Florida Building Code.”). Systems or methods of construction as well as other products and structural components designated by the Commission must be approved by the Commission for statewide use. See § 553.842(3-5). To clarify the scope of its jurisdiction, the Commission promulgated Rule 61G20-3.001 of the Florida Administrative Code implementing section 553.842(5), Florida Statutes. Rule 61G20-3.001 expressly provides:
(1) Products in the following categories as defined by subcategories of subsection 61G20-3.002(31), F.A.C., shall be available for approval by the Commission pursuant to Rule 61G20-3.090, F.A.C., for use in the state: ;
(a) Panel Walls;
(b) Exterior Doors;
(c) Roofing Products;
(d) Skylights;
(e) Windows;
(f) Shutters;
(g) Structural Components; and
(h) Impact Protective Systems.
(2) This rule applies to approval of products and systems, which comprise the building envelope and structural frame, for compliance with the structural requirements of the Florida Building Code.
Fla. Admin, Code R. 61G20-3.001 (2014).
Additionally, products marketed for hurricane, windstorm, or impact protection must receive either local product approval or statewide approval'. See § 553.842(5). (“A product may not be advertised, sold, offered, provided, distributed, or marketed as hurricane, windstorm, or impact protection from wind-borne debris from a hurricane or windstorm unless it is approved pursuant to this section or [§ ] 553.8425 [Florida Statutes].”).
Storm Stoppers panels, when used as Keddo proposes, do not ■ comprise the building envelope or structural frame; thus, the Commission determined that the product falls outside the scope of Rule 61G20-3.001 of the Florida Administrative Code and is not subject to statewide approval under section 553.842(5). Keddo does not challenge this interpretation. .
Keddo argues, however, that the Commission should have also determined that its product was not subject to local approval. Keddo contends the Commission has no authority to regulate a product that is applied to an existing home in an emergency such as a hurricane. This argument ignores the plain text of section 553.842(5) and misconstrues the Commission’s powers. Pursuant to section 553.842(5), products sold, provided, or marketed for windstorm, hurricane, or impact protection must receive either statewide approval or local approval under section 553.8425, Florida Statutes, to avoid being subject to the Florida Deceptive and Unfair Trade Practices Act, section 501.201-501.213, Florida Statutes,.
Storm Stoppers is sold and marketed as a product designed to protect structures from hurricanes and severe weather. If there were any doubt as to its purpose, Keddo’s supplement to its petition for declaratory statement states that Storm Stoppers can be quickly installed as a “Do-Ib-Yourself project by a homeowner over window openings, prior to a Tropical Hurricane, East Coast Nor’easter, Northwest Pacific Basin Typhoon, or Australian Cyclone.” It cannot be gainsaid that Storm Stoppers is a product advertised, marketed, and sold as impact protection from hurricanes and storms. Consequently, the Commission was correct to conclude that it falls directly within section 553.842(5). Thus, because Storm Stoppers *349 is not subject to statewide approval/ it must receive local approval.
The crux of Keddo’s argument on appeal centers on what they perceive to be preferential treatment for plywood. Keddo argues that Storm Stoppers should have the same exemption made for plywood found in section R301.2.1.2, Exception, of the Florida Building Code Residential (2014). We decline to take sides on the plywood/plywood-alternative debate. The .Commission would have to amend the Florida Building Code to grant this exemption, which is beyond the scope of a declaratory statement. Although the Commission is responsible for adopting and modifying the Florida Building Code, see section 553.72(3), Fla. Stat., to do so it must first engage in the rulemaking process set forth in Chapter 120. See § 120.54(3)(a) (requiring public notice and opportunity to comment before rulemak-ing). Accordingly, we affirm.
AFFIRMED.
TORPY and WALLIS, JJ., concur.

. Keddo also requested the Commission to clarify whether Storm Stoppers fell within the scope of the Florida Building Code. The Commission properly requested further information on the particular circumstances Keddo wanted reviewed. The Commission ultimately concluded that it lacked sufficient information to make such a' determination. We see no error in this conclusion.